UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:                                          )        Case No. 09-
                                                )
    TERRY J. ATTWOOD              )        SSN: XXX-XX-0292
    ASTRID I. ATTWOOD             )        SSN: XXX-XX-3576

## CHAPTER 13 DEBTOR'S PLAN

(1)    The debtor(s) shall pay to the Trustee out of future earnings or other income the sum of **$950.00** each month for 60 months. The debtor(s) submits all or such portion of the future earnings or other income as is necessary for the execution of the plan to the control of the Trustee. 11 U.S.C. Section 1322(a)(1).

(2)    All claims entitled to priority under 11 U.S.C. Section 507 shall be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment of such claim. 11 U.S.C. Section 1322(a)(2).

(3)    Creditors holding unsecured claims shall be divided into two classes. 11 U.S.C. Section 1322(b):

    Class A: Class A shall consist of creditors holding allowed unsecured claims of $100.00 or less. The claims of such creditors shall be paid in full prior to any payment on unsecured claims in Class B.

    Class B: Class B shall consist of creditors holding allowed secured claims for any amount greater than $100.00. The claims of such creditors shall be paid 100%, after payment in full to all secured and priority claims.

(4)    Creditors holding allowed unsecured claims shall be paid:
    \_\_\_\_\_in full
    \_\_X\_ to the extent of .05 cents on the dollar.

No interest accruing after the date of the filing of the petition shall be allowed on the claims of creditors holding allowed unsecured claims. Unmatured interest shall be rebated in determining the allowed amount of any such claim. 11 U.S.C. Section 502(b)(2).

(5)    The holder of any allowed secured claim provided for by the plan shall retain a lien securing such claim until the amount for which the claim is allowed as secured is paid in full. 11 U.S.C. Section 1325(a)(5)(B)(i), Section 1327(c).

**\*\*\*\* THE ABOVE-NAMED DEBTOR(S) HAS/HAVE FILED A CHAPTER 13 PETITION IN THE U.S. BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF KENTUCKY. IF YOU HAVE NOT**

**RECEIVED NOTICE OF THE FILING, YOU WILL RECEIVE NOTICE WITHIN A FEW DAYS.\*\*\*\***

(6)  The plan hereby provides for the curing or waiving of the following defaults, if any. 11 U.S.C. Section 1322(b)(3) or Section 1322(b)(5):

   (1)

   (2)

(7)  Each of the following named creditors hold a judicial lien encumbering property of a kind specified in 11 U.S.C. Section 522(f), which the debtor is entitled to claim as exempt and has claimed exempt in this case.

   Unless any such creditor files timely objection to confirmation of the plan and the Court after hearing the objection finds the debtor may not avoid the lien of such creditor under 11 U.S.C. Section 522(f), then upon confirmation of the plan the property encumbered by the judicial lien of any such named creditors shall vest in the debtor free and clear of any claim or interest of any of said creditors as provided by 11 U.S.C. Section 1327, and the claims of any such creditor who files a claim shall be allowed as unsecured claims and paid on a parity with other allowed unsecured claims:

   (1)

   (2)

(8)  The debtor hereby rejects as burdensome the following executory contracts of the debtor. (Give details concerning the other party or parties to the contract and nature of the contract.)

   Any claim filed by said creditor arising from rejection of such executory contract shall be allowed as if such claim had arisen before the date of the filing of the petition, subject to the right of the debtor or the Trustee to object to the amount of the claim. 11 U.S.C. Section 520(g).

DATED: 2/19/2009

/s/ Carol B. Meinhart                     /s/ Terry J. Attwood
CAROL B. MEINHART                    TERRY J. ATTWOOD
Attorney for Debtor(s)

                                                   /s/ Astrid I. Attwood
                                                   ASTRID I. ATTWOOD

Summary of debts as scheduled:

PRIORITY ...................................................................................................................$0.00

SECURED OR PARTIALLY SECURED ……………………………………….. $188,238.01
    (1) USAA/GMAC (19735 Stallion Lane) Outside the plan except for arrearages of $4,500, which shall be treated as secured at 0%.
    (2) USAA (2005 F250) Inside the plan to be treated as secured to the value of the appraisal at 6% or the contract rate, whichever is less.
    (3) Ford Credit (2007 Ford Escape) Inside the plan to be treated as secured to the value of the appraisal at 6% or the contract rate, whichever is less.

UNSECURED..........................................................................................................$67,717.36

TOTAL ................................................................................................................$255,955.37